UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -VS- | : | CR No: 05-52S |
| | : | |
| SHARROD J. DAWSON | : | |

**MOTION FOR DOWNWARD DEPARTURE**

NOW COMES the defendant, SHARROD DAWSON, and moves that this Honorable Court grant him a downward departure from the prescribed (and disputed) guidelines as determined or calculated.

In support of this motion the defendant submits an accompanying memorandum.

SHARROD J. DAWSON
By his attorney,

WILLIAM C. DIMITRI, ESQ. #3129
462 Broadway
Providence, RI 02909
Tel (401) 273-9092
Fax (401) 331-1898

CERTIFICATION

I, the undersigned, do hereby certify that a true copy of the within Motion and Memorandum was mailed on the 30th day of November, 2005 to: Zechariah Chafee, Assistant U.S. Attorney, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 and Kristin Ann Mattias, U.S. Probation, 2 Exchange Plaza - 3rd Floor, Providence, RI 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -VS- | : | CR No: 05-52S |
| | : | |
| SHARROD J. DAWSON | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

As this court is well aware, the defendant is charged pursuant to 21 U.S.C. §841 (a)(1) and (b)(1)(a) with possession of with intent to distribute more than 50 grams of cocaine base (59.40 grams).

The minimum mandatory penalty for the instant offense is ten (10) years imprisonment and the maximum penalty is life.

In conjunction with the statutory penalties, the United States Sentencing Guidelines, section 2D1.1(c)(4) places the defendant at an offense level of 32 and in the absence of prior convictions would place him in a sentencing range of 121 to 151 months. However, because of the defendant's criminal history, he actually is a category VI which placed him in a guideline range of 210 to 262 months in prison (this memorandum does not address the issue of whether the defendant is a career offender. That issue is addressed in the defendant's responses/objections to the Presentence Report).

Since the defendant clearly falls into a criminal history category VI his adjusted offense level would be after acceptance of responsibility, level 29 with a sentencing range of 151 to 188 months.

If the defendant had been in possession of 59.40 grams of cocaine powder his pre-acceptance of responsibility offense level would be 16 and his adjusted offense level would be 13.

A level 13, criminal history category VI would place the defendant in a sentencing range 33 to 41 months.

The disparity between the prescribed penalties between cocaine and cocaine base has been criticized for years.

The defendant is aware that since his plea, this court (and others) has found it appropriate to grant a downward departure to at least one defendant charged with possessing cocaine base.

In granting a downward departure this court found the disparity "nearly impossible to justify" and further found that it "neither accurately reflects the seriousness of the offense, nor promotes general respect for the criminal justice system." U.S. v. Perry, _____F.Supp.____2005. See also United States v. Smith, 359 F. Supp. 2d (E.D. Wis. 2005 and Simon v. United States, 361 F. Supp. 2d 35 (E.D.N.Y. 2005).

This court found that the current penalties for crack cocaine exaggerate the relative harmfulness of crack cocaine, particularly in comparison to "powder cocaine" and in essence found that a drug quantity ratio of 20 to 1 was more logical than the 100 to 1 ratio currently in effect.

Even at a 20 to 1 ratio the defendant (pre-acceptance) would fall into an offense level of 26 with an adjusted offense level of 23 which would place him in a sentencing range of 92 to 115 months (the defendant acknowledges here that based on the statutory scheme this court must sentence him to a term of imprisonment of 120 months).

In recognizing the court's renewed discretion in fashioning appropriate sentences, this defendant is mindful that the court may not be able to announce a systematic method or policy of how to treat crack v. powder cocaine. However, keeping this court's findings in mind and keeping the oft criticized disparity in perspective, there remains little doubt that the court in this "post Booker" era has more discretion now than it had since 1987.

While in the pre-Booker era the courts were prohibited from relying on certain characteristics of a defendant (lack of guidance, disadvantaged upbringing) or prohibited from relying on other factors except in extraordinary circumstances), 18 U.S.C. 3553(a)(1) actually requires a court to consider the history and circumstances of a defendant, and places no limitation on the information the court can receive and consider in fashioning an appropriate sentence.

In the particular case at hand the court is faced with sentencing an individual for possessing with the intent to distribute 59.40 grams of cocaine base, slightly more than two (2) ounces. In order for another individual dealing in powder cocaine to reach the same level of punishment he or she would have to be in possession and intend to deliver 5 to 15 kilograms of powder cocaine, or eleven (11) to thirty-three (33) pounds.

Without reiterating the entire Presentence Report it should be noted that this defendant, raised by his mother (he had not had any contact with his father since age 10) left the "family" home at age 15 and has been on his own since that time.

The defendant began using marijuana at the age of 10, had been smoking one to one and one-half ounces on a daily basis for the past few years until his arrest on the instant charge.

Despite his previous incarceration he has never been afforded the opportunity to partake in substance abuse treatment and still feels at risk for a return to the illicit use of narcotics should he not overcome the temptation through treatment.

The defendant clearly had no positive role models, no father figure and a complete and utter lack of guidance as a youth. This is emphasized by the fact that he was "out on his own" at the age of 15 which coincidentally is in the same time frame in which he bean getting involved in legal trouble. To put it in "street parlance," "he had no shot," and did what was necessary to survive.

While subsequent attempts to "better himself" were partially successful (a GED in 1989, a diploma in "Electronic Servicing Technology" in 2001) it is apparent that his past had already caught up to him and he was compelled to seek odd jobs (painting, auto repair, temp services) which offered no hope and no promise. The result being that the defendant reverted to his only known means of survival.

Perhaps if he had a supportive family or network of people that would seek to help him and guide him he would have taken a difference route in life instead of being incarcerated at age 16.

The defendant avers that based on the vast disparity between the penalties he is facing for a small amount of base and the penalties for powder, coupled with his obvious disadvantaged background, that there are ample reasons for this court to depart downward in the instant matter.

WHEREFORE, the defendant moves that this court, after consideration of all relevant factors, depart downward from the prescribed guidelines, sentence him to no

more than 120 months, and order that he be placed in a drug program where he can get the help he so obviously need to overcome his drug issues.

SHARROD J. DAWSON
By his attorney,

WILLIAM C. DIMITRI, ESQ. #3129
462 Broadway
Providence, RI 02909
Tel (401) 273-9092
Fax (401) 331-1898

CERTIFICATION

I, the undersigned, do hereby certify that a true copy of the within Memorandum was mailed on the 30th day of November, 2005 to: Zechariah Chafee, Assistant U.S. Attorney, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 and Kristin Ann Mattias, U.S. Probation, 2 Exchange Plaza - 3rd Floor, Providence, RI 02903.