**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Cr. No. 05-052S |
| v. | : | |
| | : | |
| SHARROD J. DAWSON | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Zachariah Chafee, Assistant United States Attorney, and hereby objects to defendant's Motion for Downward Departure as set forth in accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

Zechariah Chafee

ZECHARIAH CHAFEE
ASSISTANT U.S. ATTORNEY

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of February, 2006 I faxed a copy of the within Government's Objection to Defendants Motion for a Downward Departure to:

William C. Dimitri, Esq.
462 Broadway
Providence, RI 02909

Paula Harvey

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA :
: Cr. No. 05-052S
v. :
:
SHARROD J. DAWSON :

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE**

Defendant argues that he should be sentenced below the guideline range. His first point is that the disparity between sentences for crack and powder cocaine is unjustifiably great. That disparity is a decision made by Congress, and sentencing courts must honor that legislatively determined policy. U.S. v. Pho, 1st Cir. 2006.

His second point is that defendant had a difficult upbringing. That probably is true, but unfortunately that is all too often the case for defendants in this court and is no excuse.

As is the governments policy, we urge the court to apply the guideline range, in this case as determined by the probation department. The low end of the applicable guideline range is sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553. Imposition of Sentence, says the court shall consider paragraph (1) and (2) of subsection (a).

Paragraph (1) ask about the nature and circumstances of the offense and the history and characteristics of the defendant.

While this case involves a larger than usual street deal of crack broken up by the police, it is the history of the defendant that is so striking. His criminal record covers page after page of car theft, larceny, possession of stolen property, narcotics felonies, firearm possession, and assault. Even this case itself involves over 50 grams of crack, a crime for which the minimum term of imprisonment is 10 years. It is fair to say defendant has truly lived a life of crime.

Paragraph (2) lists of considerations that the sentencing court shall take into account in deciding the need for a particular sentence to be imposed. The government responds to each item.

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense:

A sentence even at the low end of the applicable guideline range will promote respect for the law in that, at long last, a career criminal will no longer make a mockery of sanctions imposed by the state criminal courts. Given Dawson's criminal record, this conviction is not the straw that broke the camel's back but more like a brick that finally broke the animal in half.

(B) to afford adequate deterrence to criminal conduct:

A long sentence in this case is way overdue but better late than never. Dawson has been totally undeterred by the lenient sentences he has served so far. Hopefully a severe sentence will let career criminals know that the federal courts will eventually catch up to them. Perhaps that will slow down a few of them.

(C) to protect the public from further crimes of the defendant:

Dawson has been utterly incorrigible. Only a prison wall will keep him from further depredations. He has shown that when he is free, he always commits crimes.

(D) to provide the defendant with needed education or vocational training etc.

Defendant will receive many good opportunities provided by the B.O.P. But, frankly, the length of sentence he is facing is more than necessary to accomplish any worthy goals.

For Sharrod Dawson it is time to pay the piper. He should not be sentenced below the guideline range.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

Zechariah Chafee

ZECHARIAH CHAFEE
ASSISTANT U.S. ATTORNEY

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of February, 2006 I faxed a copy of the within Memorandum in Support of Government's Objection to Defendants Motion for a Downward Departure to:

William C. Dimitri, Esq.
462 Broadway
Providence, RI 02909

Paula Hasey